UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

DAVE ALICEA,

                              Plaintiff,

          -against-                              PLAINTIFF'S REQUEST
                                                 THAT THE COURT ACCEPTS
CITY OF NEW YORK, CORRECTION OFFICER HARRISON,   MOTION TO COMPEL
                                                 DISCOVERY
                              Defendants.
_____x       16 Civ. 7347 (LAP)

Dear Honorable Judge;

     Plaintiff hereby requests that your Court accepts this Motion
to Compel Discovery. Plaintiff has done the best of his ability to
file this motion.

     Plaintiff has study Rule 34, Fed.R.Civ.P., and according to the
he has requested extentions a few times due to his left hand and the
surgary he has gone through. If the Rule 34,Fed.R.Civ.P., applies to
plaintiff, why is it that the defendants' counsel is not following it.

     Your Honor, as you can witness in the motion in Exhibit 1 Plaintiff
asked for documents that are not preveleged and that is needed to
prove his case. Plaintiff is seeking court intervention in this matter
because plaintiff dose not have an attorney that would know what to
do in this situation.

     Defendants' counsel seems to be using a tactic to delay discovery
because of plaintiff's limited knowledge in law. Plaintiff file his
request for production of documents on January 25,2018 days after the
phone conference and so far defendants has sent plaintiff a minimum
part of his number one request, and some records that plaintiff has
never requested and that are not relevant to the claims.

Furthermore, plaintiff has also sent defendants' counsel his first set of interrogatories and production of documents on April 9th, 2018, and ontil the filing date of this motion, plaintiff has not heard from defendants' counsel, nor has defendants' counsel filed a request in this court for an extention or requested from plaintiff. Plaintiff would like to ask Your Honorable Jufge, what would he do, since the defendants counsel is not following the Federal Rules.

Please Honorable Judge, accept this motion and advice plaintiff if he has to file another motion to compel discovery, since defendants has yet answer nor have they sent any documents from his requested for his interrogatories and production of documents.


Thank you, Your Honor, for taking time of your busy schedule to review this motion and for much needed advice.


Dave Alicea, #14-A-3032
Woodbourne correctional facility
99 Prison Road/P.O.Box 1000
Woodbourne, New York 12788-1000

                                        Respectfully requested

                                        _Dave Alicea_____
                                        Plaintiff Pro se


cc:file

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

DAVE ALICEA,

                         Plaintiff,

               -against-

CITY OF NEW  YORK,CORRECTION OFFICER HARRISON,

                       Defendants,
_____x

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY

16 Civ.7347(PAP)

The plaintiff moves pursuant to Rule 34(b) and 37(a),Fed.R.Civ. P., for an order compelling the defendants to produce for inspection and copying the documents requested on March 12,2018, and again on April 5,2018.

Date: May 11 ,2018

Dave Alicea, DIN# 14-A-3032
Woodbourne Correctional Facility
99 Prison Road/P.O.Box 1000
Woodbourne, New York 12788-1000

                                Dave Alicea
                                Plaintiff Pro se

cc:File

DECLARATION IN SUPPORT OF MOTION TO COMPEL

5. Plaintiff filed a notice for defendants' counsel to produce the plaintiff's first request for Production of Documents on Febuary 26, 2018, as to why the defendants' counsel is not complying with the request and also pointing out all records requested, and giving them notice that they sent records that plaintiff never asked for. A copy is attached to this affidavit as EXHIBIT 3.

6. On March 5, 2018, defendants' counsel sent plaintiff a respond in a manner of Defendants' Responses and Objections to Plaintiff first request for documents. A copy is attached to this affidavit as EXHIBIT 4.

7. On April 5. 2018, plaintiff sent to defendants' counsel the Confidentiality Stipulation and Protective Order, signed and date. A copy is attached to this affidavit as EXHIBIT 4.

8. Defendants' objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

9. Defendants' objections on the ground that the discovery sought is irrelevant, burdensome, and privileged have no merit, as set forth in the brief accompanying this motion.

Date: _May 11_____,2018

Dave Alicea, DIN# 14-A-3032
Woodbourne Correctional Facility
99 Prison Road/P.O.Box 1000
Woodbourne, New York 12788-1000

Plaintiff Pro se

cc:File

(2)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

DAVE ALICEA,

                                    Plaintiff,

          -against-

CITY OF NEW YORK,CORRECTION OFFICER HARRISON,
                                    Defendants,
————————————————————————x

BRIEF IN SUPPORT
OF MOTION TO COMEL
DISCOVERY

16 Civ. 7347 (LAP)

JURY TRIAL DEMANDED

### Statement of the case

This is a § 1983 action filed by a prisoner at Woodbourne
Correctional Facility seeking damages, declaratory judgment and
compensatory damages relief based on Failure to Adequately Provide
Supervision, Management and Training; Failure to Discipline; Deligerate
Indifference Health, Safty and Well Being; Procedural Due Process;
Under the Eigth and Fourteenth Amendments.

### Statement of facts

On January 25, 2018, the plaintiff served a request for his first
set of production of documents pursuant to Rule 34, Fed.R.Civ.P. As
set forth in the plaintiff's declaration, the defendants' failed to
respond within 30 days, and did not make any effort to obtain an
extension from the Court or by contacting the plaintiff. After a month
and three the plaintiff sent a request in the form of a Request Notice
for Defendants' to Produce the Plaintiff's First Request for Production
of Documents, on March 5, 2018. The defendants' served a respose in
which they objected to the plaintiff's entire request. Defendants'
counsel has NOT responded to plaintiff's effort to resolve this dispute.
See: plaintiff's declaration at above 2-6.

ARGUMENT

POINT 1

DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY THEIR
FAILUR TO RESPOND TIMELY TO THE REQUEST

The rules provide that responses and objections to requests for production of documents are to be served within 30 days of the requests unless the court grants a shorter or longer time. Rule 34,Fed.R.Civ.P. The defendants, however, waited past the 30 days to respond, and only because plaintiff sent them a Notice to respond. Defendants' did so without obtaining or even seeking permission from court, or agreement from plaintiff, for this delay.

It is well established in Federal practice that "discovery objection are waived if a party fails to object timely to interrogatories, production request, or other discovery efforts. "Godsey v. United Stats, 133 F.R.D. 111 (S.D. Miss. 1990); accord, Morin v. Nationwide Federal Credit Union, 229 F.R.D.. 364,368 (D.Conn.2005); Safeco Ins. Co. of America v. Fawstrom, 183 F.R.D. 668, 670-73 (C.D.Cal. 1998); Demary v. Yamaha Motor Crop., 125 F.R.D. 20,22 (D.Mass. 1989) and cases cited. This waiver is enforced even if the objections are based on a claim of privilege. Marx v. Kelly, hart & Halman, P.C., 929 F.2d 8, 12 (1st Cir.1991); Fonville v. District of Columbia, 230 F.R.D. 38, 42-43 (D.D.C.2005); Fretz v. Keltner, 109 F.R.D. 303,309 (D.Kan. 1986) and cases cited. The noncomplying party is excused from the waiver only if the discovery is "patently improper", Godsey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair discovery", Krewson v. City of Quincy, 120 F.R.D. 6,7(D.Mass. 1988); accord, U.S. ex rel. Burroughs v. DeNardi Corp., 167 F.R.D. 680,687 (S.D.Cal. 1996).

ARGUMENT
POINT 1

DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY THEIR
FAILURE TO RESPOND TIMELY TO THE REQUEST

As shown in the next point, the discovery sought is not proper but is appropriate and relevant.

POINT 11

THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND
DEFENSES IN THE CASE

Defendants' belated objections state that the documents requested by plaintiff are compound, privilege, and irrelevant to the action. Their argument is frivolous.

Rule 26(b)(1), Fed.R.Civ.P., permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense"...

Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the dicovery of admisable evidence.

Each item sought by the plaintiff is relevant to the claims and defenses in the case, as explained below.

A. Documents relevant to past Departmental disciplinary proceedings charging and penalizing defendant Harrison, of official misconduct, and or any other provisions of DOC's, or any breach of Rules of Employees.

Item 6, of the plaintiff's request seeks " Any and all documents reflecting hearings of any Departmental disciplinary proceedings cgarging and penalizing defendant HARRISON of official misconduct and, or any other provisions of DOC's or any breach of Rules of Employees. Plaintiff also requested similar records in his interrogatories and production of documents, which plaintiff knows that he will NOT receive.

(3)

POINT 11

THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND
DEFENSES IN THE CASE

The defendants' state generally in their objections that on the
grounds that it is compound, in that it appears to be seeking two
separate categories of documents in a single document request; it is
vague and ambiguous insofar as it seems to be seeking DOC officer
defendants' employment related complaints, etc., is overbroad to the
extent it seeks documents containing information regarding" any and
all documents" against the individual defendant, and not sufficiantly
limited to time scope. Defendants also object on the grounds that it
seeks documents "CONTAINING INFORMATION THAT ARE NOT RELEVANT TO ANY
PARTY'S CLAIMS OR DEFENSESIN THIS ACTION". Defendants also claimed in
their responses and objections, that plaintiff seeks documents contai-
ning information regarding allegations of misconduct that was not
substantiated, allegations that did not result in a finding of mis-
conduct. Plaintiff asked for records of misconduct of defendant
Harrison was"chaged and penalized" which according to the law is not
privilege records. Plaintiff want to prove in trial that this defendant
has breached  provisions of DOC's and Rules of Employees, which is
a pattern of this defendant. Plaintiff has been in the North Infirmary
Command (NIC) in Rikers Island in the past and has seen the Defendant
"Harrison" in many arguments with her coworkers and supervisors, and
also involved in many incidents. This is why plaintiff needs this
information,    not only that the defendant has been in many trouble
but that the City of New York DOC's has kept her working in uniform
and failing to properly supervise and train it's officers. They also

(4)

POINT 11
THE DISCOVERY SOUGHT IS RELENT TO THE CLAIMS AND
DEFENSES IN THE CASE

cover-up al these incidents by having the City of New YOrk Comptrolers Office settle these incidents to keep them out of the Courts.

The plaintiff does not seek"personal records" in any general way. He seeks documents pertaining to particular kinds of complaints and allegations about these defendants, whether or not they are part of "personal records". He does not seek othermatters that may be in the personal records, such as medical data or information about their records of lateness, leaves, vacotions, etc. Second, the kind of information sought is "Highly" relevant. The plaintiff has alleged failure to protect, "Due Process", Deliberate Indifference, Failure to Adequately Provide Supervision, Management and Training, Failure to Discipline and Safety and Well Being, something thats been happening in Rikers Island for many years and nothing has been done about it. Plaintiff mention above, that he has requested more records, interrogatories and more documents pertaining to what plaintiff has mention, which the defendants counsel are not going to produce. Evidence to the effect would be highly relevant to the claim of supervisory liability against defendants City of New York, Correction Officer Harrison, set out in plaintiff's claim. See Beck v. City of Pittsburgh, 89 F.3d 966,973-74(3d Cir. 1996)(citing Parrish v. Luckie, 963 F.2d 201,205-06(8th Cir.1992)); Foley v. City of Lowell, Mass., 948 F.2d 10, 14-16 (1st Cir. 1991).

This evidence may also support the claim against the officer herself, defendant Harrison. Rule 404(b), Fed.R.Evid.," Evidence of other crims, wrongs, or acts is not admissable to prove the character of a person in order to show that she acted in conformaty therewith. It may, however,

(5)

POINT 11
## THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE

be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowlege identity, or absence of mistake or accident." Evidence of prior incidents of failure to protect and abuse or not do anything and just stand there while plaintiff is being attacked, which many prison personnel has been admitted by several courts as relevant to" motive, opportunity, intent, preparation, plan, knowlege, identity or absent of mistake or accident." See Barnes v. City of Cincinnati, 401 F.3d 729, 741-42 (6th Cir. 2005)("intent" to discriminate); Heno v. Sprint/United Mgmt. Co., 208 F.3d 847, 856 (10th Cir. 200)(anecdotal evidence of discrimination admissible if incident can be tied to plaintiff;s circumstances through, for example, common supervisors and same time fram);Hynes v. Coughline, 79 F.3d 285, 290-01(2d Cir. 1996); Gutierez-Rodrigues v. Cartagena, 882 F.3d 553,572(1st Cir.1989)(evidence of 13 prior incidents of misbehavior by officer admissible against supervisor to show knowlege).

For these reasons the material sought is relevant and should be produced.

Item 7. Plaintiff requested any and all documents ', directives, and regulations governing and reflecting defendant "Harrison"s job discription and "duties", when in uniform and working in the North Infirmary Command (NIC), while supervising some mentally ill inmates.

Plaintiff wants to establish in trial that the defendant Harrison knew that she was supervising inmates with mental problems, and that by abandoning her post she placed plaintiff in danger. Not just the plaintiff, but also the rest of the prison population and civilians,

(6)

POINT 11
### THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE

nurses, and doctors. Defndant Harrison should have known, that by her misconduct plaintiff was injured. This the purpose that plaintiff need the requested records.

Item 9. Any and all documents, directives, civil regulations and Rule of Employees governing the need to have an officer ‖Posted‖ inside a housing area (in this case a dorm) in the North Infirmary Command (NIC) or any other housing area in Rikers Island.

Plaintiff reasons to these documents is to prove that an officer has aduty to follow all rules and regulation concerning his civil duty related to his/her employment. Plaintiff wants to have sufficient evidence to make out a "prima facie case" where due procces was violated and by breaching the law fail to protect plaintiff.

Furthermore, Plaintiff move to compel the production of all records requested on January 25, 2018, in his first Request for Production of Documents. See EXHIBIT 1.

Date:_____,2018

Dave Alicea, 14-A-3032
Woodbourne Correctional Facility
99 Prison Road/P.O.Box 1000
Woodbourne, New York 12788-1000

_____
Plaintiff Pro se

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK)  ss:
COUNTY OF SULLIVAN)

DAVE ALICEA v.
CITY OF NEW YORK,
et al.,

16-Civ. 7347 (LAP)

I DAVE Alicea, DIN# 14-A-3032, being duly sworn, deposes and says:

On the 11th day of May ,2018, I mailed atrue and exact copy of my Motion to Compel Discovery, to the following:

To: Pro-se Intake Unit For
    Justice, Loretta A. Preska,
    United States District Court
    Southern District Of New York
    500 Pearl St. Room 200
    New York, New York 10007

To: Ms. Bridgette Nunez
    Assistant Corporation
    Counsel, The City Of
    New York Law Department
    100 Church St. Rm.3-154
    New York, N.Y. 10007

by placing the properly address postage-paid envelopes in the mailbox regularly maintained by Woodbourne Correctional Facility.

Respectfully submitted

Dave Alicea

Dave Alicea, Plaintiff
Woodbourne Correctiona
Facility, 99 Prison Road
P. O. Box 1000
Woodbourne,N.Y.12788-1000

Sworn to before me this 11th

day of May ,2018

Paula E. Gill

NOTARY PUBLIC

cc:File

Taylor E. Gill
Notary Public, State of New York
Reg. # 01GI6215404
Qualified in Delaware County
My Commission Expires 02/08/22

EXHIBIT 1

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

DAVE ALICEA,

                              Plaintiff,

                                                  **PLAINTIFF'S FIRST
                                                  REQUEST FOR
                 -against-                        PRODUCTION OF
                                                  DOCUMENTS**

CITY OF NEW YORK,CORRECTION OFFICER HARRISON,
                                                  16-CV-7347 (LAP)
                              DEFENDANT.
_____x        **JURY TRIAL
                                                  DEMANDED**


**Pursuant to Rul 34, Fed.R.Civ.P.,** the plaintiff requests that
the defendants produce the documents listed within 30 days either
by providing the plaintiff with copies or by making them
available to the plaintiff for inspection and copying.

    1. Any and all documents and reports concerning an incedent
in the **"North Infirmary Command"** (NIC) in **Dorm 4** on Agust 24,2013
at approximately 12:05 PM, including, but not limited to, the
**"critical incedent reports"**, **"statements of all witnesses"**,
statements of the Supervisor", (**"Coptain Collazo"**), **"statements
of the defendant"** (HARRISON"), plaintiff's medical records"
(**"concerning his left hand"**) and **log book report"**.

    2. Any and all policies, directives, or instructions to
**"staff"** concerning medical devices used by inmates in the **"North
Infirmary Command"** (NIC), such as canes, crutches and or any
other device that can be used as a dangerous weapon ~~staffi~~
**"staff, civilians and inmates alike"**.

    3. Any and all policies, directives, rules of employees,
or instructions governing assignment to **"post duty"**, **"post
relieving"** and consequences when such duty is breached by the
**"Corrections staff"** while at work in **"Uniform"** in **"DOCS"** and
in the **"North Infirmary Command"**(NIC), strictly **"supervicing**

-inmates with Mental Health issues".

   4. Any and all policies, directives, regulations and
rules of employees instructions to corrections staff governing
protocols when **"Confronted and Witnessing an inmate on inmate
assault"** and procedures of **"How and When to Call for Back-up"**
if **"Needed"**.

   5. Any logs, list, or other documentation **"Reflecting
Grievances"** filed by **"North Infirmary Command"** (NIC) inmates
against defendant (HARRISON) from January 1,2005 to the date
of your response.

   6. Any and all documents **"Reflecting"** hearings of any
**"Departmental Disciplinary Proceedings Charging and Penalizing
defendant (HARRISON) of Official Misconduct"** and , or any other
**"Provisions of DOCS"** or any **"Breach of the Rules of Employees"**.

   7. any and all documents, directives, and regulations
 governing and reflecting defendant (**"HARRISON'S**) **"Job
Discription and (DUTIES)"** when in (UNIFORM) and **"Working in
the (North Infirmary Command) (NIC), while (Supervising)**
some (Mentally ill Inmates).

   8.Any and all documents governing the **"Need to House some
Mentally ill Inmates"** in the **"North Infirmary Command"** (NIC),
Moreover, in (Dorm-4).

   9. Any and all documents, directives, civil regulations
and rules of employees governing the **"Need"** to have an **"Officer
Posted inside a (HOUSING AREA)"** in this case a (DORM) in the
**"North Infirmary Command"** (NIC) or any other housing area in
**"Rikers Island"**.

                              (2)

(16-CV-7347)
(LAP)

Date: January 25, 2018

DAVE ALICEA, Plaintiff, Pro-se
WOODBOURNE CORRECTIONAL FACILITY
99 PRISON ROAD
P.O.Box 1000
WOODBOURNE, NEW YORK 12788-1000

cc: Filed                          Respectfully requested

                                   *Dave Alicea*
                                   Dave Alicea, Plaintiff

(3)

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DAVE ALICEA,

                        Plaintiff,

          -against-

CITY OF NEW YORK, CORRECTION OFFICER
HARRISON,

                        Defendants.

------------------------------------------------------------------x

**DEFENDANTS' FIRST SET OF
INTERROGATORIES AND
REQUEST FOR PRODUCTION
OF DOCUMENTS TO
PLAINTIFF**

16 Civ. 7347 (LAP)

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants City of New York and Correction Officer Harrison hereby request that plaintiff serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Zachary W. Carter, Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007, within thirty (30) days after service hereof.

These interrogatories and document requests are continuing.  If at any time after service of answers hereto, and prior to the trial of this action, plaintiff obtains or becomes aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, plaintiff shall, within seven days, and in no event later than seven days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

**<u>INSTRUCTIONS</u>**

1.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or

available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2.      If any information or document called for by an interrogatory or document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

2.      As used herein, the term "Incident" refers to the events described in the complaint.

## INTERROGATORIES

1.      Identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

2.      Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by plaintiff or any other person that relate to the claims and/or subject matter of this litigation.

3.      Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by the City of New York, or its agents, servants and/or employees, that relate to the claims and/or subject matter of this litigation.

4.      Identify all injuries claimed by plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any.   For each such

treatment received, identify the provider who rendered the treatment to plaintiff. If no treatment was provided for any claimed injury, so state.

5.     Identify all economic injuries claimed by plaintiff as a result of the Incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees. Identify the specific amounts claimed for each injury.

6.     Identify all of plaintiff's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

7.     Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiff within the past ten (10) years.

8.     Has plaintiff applied for worker's compensation within the past ten (10) years? If so, identify each employer who provided worker's compensation to plaintiff.

9.     Has plaintiff applied for social security disability benefits within the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided social security disability benefits to plaintiff.

10.    Has plaintiff applied for Medicare and/or Medicaid within the past ten (10) years? If so, identify each state, city or other jurisdiction that provided Medicare and/or Medicaid to plaintiff.

11.    Has plaintiff made a claim with any insurance carrier for physical, mental or emotional injuries within the past ten (10) years? If so, identify each claim by date, injury and insurance carrier.

12.     Identify all government agencies to whom plaintiff made complaints regarding the Incident including, but not limited to, Inspector General's ("IG's") Office, Board of Correction and Department of Investigation.

13.     Identify each occasion on which plaintiff has been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiff was arrested, and the amount of time that plaintiff spent incarcerated.

14.     Identify each occasion in which plaintiff has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which  plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction.

15.     Identify each lawsuit to which plaintiff has been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

16.     Identify each occasion on which plaintiff has given testimony or statements regarding the subject of this lawsuit.

17.     Identify all treating physicians and other medical providers that plaintiff intends to call at the time of trial.

18.     Identify all experts that plaintiff expects to call at the time of trial, all correspondence between counsel for plaintiff and any such experts, any notes taken by any such experts and provide all disclosures required pursuant to Federal Rule 26(a)(2).

19.     Identify all documents prepared by plaintiff, or any other person, that relate to the Incident, claims and subject matter of this litigation.

20.     Identify all Freedom of Information Law requests and any responses thereto, made by plaintiff or by anyone on plaintiff's behalf, concerning plaintiff's claims in this litigation.

## DOCUMENT REQUESTS

1.     Produce all the documents identified in the preceding Interrogatories.

2.     Produce all documents regarding the Incident, including documents concerning plaintiff's arrest and criminal prosecution (if any), the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the Incident that are in plaintiff's possession, custody or control.

3.     Produce all medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers, and other counseling services, in plaintiff's possession, custody, or control for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.

4.     Produce all photographs and other audio-visual materials documenting the Incident, the scene of the Incident, and all injuries that resulted from the Incident, including injuries to person and property.  Defendants request exact duplicates of the original photographs and audio-visual materials.

5.     Produce all documentation of damages that plaintiff alleges stem from the Incident, including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees.  Documentation includes, but is not limited to, paid and unpaid bills, original purchase receipts, cancelled checks, charge slips, appraisals, and warranties.

6.      Produce copies of all subpoenas served on any party, or any individual or entity, concerning this litigation.

7.      Produce all documents received in response to any subpoenas served.

8.      Produce all documents that relate to all complaints made by plaintiff to any government agency regarding the incident including, but not limited to, Inspector General's ("IG's") Office, Board of Correction and Department of Investigation.

9.      If the plaintiff is claiming lost income in this action, produce plaintiff's federal and state income tax returns since the Incident and for the five years prior to the Incident.

10.      Produce: (a) all expert disclosures required pursuant to Federal Rule 26(a)(2); (b) any drafts of any reports or other disclosures required by Fed. R. Civ. P. 26(a)(2); (c) all correspondence between plaintiff's counsel, or anyone acting for or on behalf of plaintiff or plaintiff's counsel, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiff's counsel has provided to the expert regarding the expert's expected testimony and/or examination of plaintiff; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiff, plaintiff's counsel, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiff's counsel in this action.

11.      Complete and provide the annexed blank authorizations for release of plaintiff's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received

by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.[1]

      12.    Complete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55. Note that the authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55 that is annexed hereto differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

      13.    Complete and provide the annexed blank authorizations for release of employment records for each of plaintiff's employers for the past ten (10) years.[2]

      14.    Complete and provide the annexed blank authorization for the unemployment records, if any, of plaintiff.

      15.    Complete and provide the annexed blank authorizations for insurance carriers with whom plaintiff has made claims within the past ten (10) years.[3]

      16.    Complete and provide the annexed blank authorization for the records of social security disability benefits, if any, received by plaintiff.[4]

---

[1] The enclosed releases are believed to be HIPAA-compliant.  Please note that HHC hospitals require a particular release, a copy of which is enclosed.  A separate release must be provided for each provider.  Kindly photocopy the releases before execution so plaintiff can provide a separate release for each provider.  The attached release for psychotherapy notes must be provided in addition to a HIPAA release for that provider.

[2] A separate release must be provided for each of plaintiff's employers.  A single release form is enclosed.  Kindly photocopy the release before execution so plaintiff can provide a separate release for each employer.

[3] A separate release must be provided for each insurance carrier.  A single release form is enclosed.  Kindly photocopy the release before execution so plaintiff can provide a separate release for each insurance carrier.

[4] A separate release must be provided for each jurisdiction.  Kindly photocopy the release before execution so plaintiff can provide a separate release for each such jurisdiction.

17.     Complete and provide the annexed blank authorization for plaintiff's
Medicare and/or Medicaid records.[5]

Dated:          New York, New York
                February 8, 2018

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants City, Harrison*
                                        100 Church Street, Room 3-154
                                        New York, New York 10007
                                        (212) 356-1643

                              By:       _____
                                        Bridgette Nunez
                                        *Assistant Corporation Counsel*


        To:     Dave Alicea (By First-Class Mail)
                14-A-3032
                Woodbourne C.F.
                99 Prison Rd
                P.O. Box 1000
                Woodbourne, NY 12788-1000

---

[5] A separate release must be provided for each jurisdiction.  Kindly photocopy the release before execution so
plaintiff can provide a separate release for each such jurisdiction.

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————x

DAVE ALICEA,

                              Plaintiff,          REQUEST NOTICE
                                                  FOR DEFENDANTS
              -against-                           TO PRODUCE THE
                                                  PLAINTIFF'S
                                                  FIRST REQUEST
CITY OF NEW YORK, CORRECTION OFFICER              FOR PRODUCTION
HARRISON,                                         OF DOCUMENTS

                              Defendants.         16 Civ. 7347 (LAP)

————————————————————————————x


PLEASE TAKE NOTICE, That plaintiff herein is requesting that
the defendants produce all documents requested Pursuant to
Rule 34 F.R.Civ.P., dated: January 25, 2018 when plaintiff
requested his FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

Defendants sent plaintiff only partial documents requested of
his request for the number #1 production of documents.,
     REQUEST No 1;
Any and all documents and reports concerning an incedent in the
North Infirmary Command (NIC) in dorm (4) on August 24,2013 at
approximately 12:05 PM, including, but not limited to, the
Critical incedent reports, Statements of all witnesses, Statement
of supervisor, Captain Collazo, Statements of the defendant
(Harrison), plaintiff's medical records CONCERNING HIS LEFT HAND
and LOG BOOK REPORT.

    ANSWER FOR No. 1

Incomplete, and unnecessary documents produced.

    REQUEST No. 2;

Any and all policies, directives, or instructions to staff
concerning medical devices used by inmates in the North
Infirmary Command (NIC), such as canes, crutches and any other
device that can be used as dangerous weapon against staff,
civilians and inmates alike.

    RESPONSE TO REQUEST No.2,

DEFENDANTS DID NOT PRODUCE DOCUMENTS.

    REQUEST No. 3;

Any and all policies, directives, rules of EMPLOYEES or
instructions governing assiagment to post duty, post relieving
and consequences when such duty is breached by the corrections

staff while at work in uniform in (DOC) and in the North
Infirmary Command (NIC, strictly inmates with mental health
issues.

RESPONSE TO REQUEST No. 3,

DEFENDANTS DID NOT PRODUCE DOCUMENTS.


REQUEST No. 4,

Any and all policies, directives, regulations and rules of
EMPLOYEES with instructions to corrections staff governing
protocols when CONFRONTED and WITNESSING an inmate on inmate
assault and procedures of HOW and WHEN to CALL for BACK-UP if
needed.

RESPONSE TO REQUEST No. 4,

DEFENDANTS DID NOT PRODUCE DOCUMENTS.

REQUEST No. 5,

Any logs, lists, or other documentation reflecting hearings of
any DEPARTMENTAL DISCIPLINARY PROCEEDINGS CHARGING AND PENALIZING
DEFENDANT (HARRISON) OF OFFICIAL MISCONDUCT from January 1, 2005
to the date of your response.

RESPONSE TO REQUEST No. 5,

DEFENDANTS DID NOT PRODUCE DOCUMENTS.


REQUEST No. 6,

Any and all documents REFLECTING HEARINGS OF ANY DEPARTMENTAL
DISCIPLINARY PROCEEDINGS CHARGING AND PENALIZING DEFENDANT
"HARRISON; SHIELD No.7655" OF OFFICIAL MISCONDUCT,and, or any
other provisions of "DOC's" or any breach of the rules of
employees.

RESPONSE TO REQUEST No. 6

DEFENDANTS DID NOT PRODUCE DOCUMENTS.

REQUEST No. 7,

Any and all documents, directives, and regulations governing
and reflecting "DEFENDANT HARRISON'S" JOB DISCRIPTION AND ALL
DUTIES WHEN IN UNIFORM AND WORKING IN THE NORTH INFIRMARY
COMMAND (NIC), "WHILE SUPERVISING SOME MENTALLY ILL INMATES".

RESPONSE TO REQUEST No. 7,

DEFENDANTS DID NOT PRODUCE DOCUMENTS.

<u>REQUEST No. 8,</u>

Any and all documents governing the "NEED TO HOUSE SOME MENTALLY ILL INMATES IN THE NORTH INFIRMARY COMMAND (NIC), MOREOVER, IN THR DORM-4 AREA.

<u>RESPONSE TO REQUEST No. 8,</u>

DEFENDANTS DID NOT PRODUCE DOCUMENTS.

<u>REQUEST No. 9,</u>

Any and all, documents, directives, Civil Regulations, and Rules of Employees governing the " NEED TO HAVE AN OFFICER POSTED INSIDE A HOUSING AREA, IN THIS CASE A <u>DORM</u> IN THE NORTH INFIRMARY COMMAND (NIC) or any other housing area in RIKERS ISLAND".

<u>RESPONSE TO REQUEST No. 9,</u>

DEFENDANTS DID NOT PRODUCE DOCUMENTS.


FURTHEREMORE, As Counsel for defendants "YOU'RE" taking full advantage of plaintiff's LIMITED RESOURCE AND KNOWLEGE IN LAW, TO DISCOURAGE HIM FROM CONTINUING HIS LITIGATION BY HINDERIN HIS ABILITY TO PROCEED WITH THE REQUEST FOR INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS BY NOT PROVIDING HIS FIRST REQUEST FOR DOCUMENTS, WHICH PLAINTIFF NEEDS TO PROPERLY LITIGATE HIS CIVIL CLAIM.

Plaintiff can not possibly argue this case if the defendants are not complying with Rule 34 F.R.Civ.P. which makes it very difficult for plaintiff without the representation and opinion of a professional attorney, WHICH IS NOT FAIR TO PLAINTIFF, WITH RESPECT TO YOUR OFFICE.

Plaintiff is just following what he understand from the manual that he's studing to help him in this litigation. THEREFORE, plaintiff's next step will be to file a Motion To Compel Discovery Pursuat To Rule 34(b) and 37(a), F.R.Civ.P.,

Plaintiff respectfully request the aboved mention documents from his FIRST REQUEST FOR PRODUCTION OF DOCUMENTS. Dated: January 25, 2018 (PRODUCE DOCUMENTS).


Date: February 26, 2018

Dave Alicea, 14-A-3032
Plaintiff Pro-se
woodbourne correctional facility
99 Prison Road, P.O.Box 1000
Woodbourne, New York 12788-1000

Dave Alicea, Plaintiff
Pro-se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

DAVE ALICEA,

                    Plaintiff,

         -against-
                                         Affirmation of Service
CITY OF NEW YORK, CORRECTION OFFICER      16- Civ. - 7347 (LAP)
HARRISON
                    Defendant.

_____x


         I, Dave Alicea, declare under penalty of perjury that I
have served a copy of the attached  REQUEST NOTICE FOR DEFENDANTS
TO PRODUCE THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS, upon  Ms. Bridgett Nunes, of the City of New York
Law Department, whose address is: 100 Church Street, New york,
New York 10007.


Dated : February 26, 2018




                                   _Dave Alicea_____
                                   Woodbourne correctional
                                   Facility, 99  Prison Road
                                   P.O.Box 1000
                                   Woodbourne, New York 12788-
                                   1000


SWORN TO BEFORE ME THIS 25th ,DAY OF FEB  2018
_Taylor E. Gill_____


NOTARY POBLIC

TAYLOR E GILL
Notary Public, State of New York
Delaware County
Lic. #01GI6215404
My Commission Expires 2|8|22

EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVE ALICEA,

                              Plaintiff,

              -against-

CITY OF NEW YORK, CORRECTION OFFICER
HARRISON,

                         Defendant.

------------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
REQUEST FOR
PRODUCTION OF
DOCUMENTS**

16-CV-7347 (LAP)

            Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants City of New York and Correction Officer Harrison respond and object to Plaintiff's First Request for Production of Documents as follows:

## GENERAL STATEMENT

1.      By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein,

or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.      With respect to the request for the production of documents, Defendants will provide, under separate cover, a privilege index, if appropriate.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENTS

### DOCUMENT REQUEST NO. 1:

Any and all documents and reports concerning an incident in the **"North Infirmary Command"** (NIC) in **Dorm 4** on August 24, 2013 at approximately 12:05 PM, including, but not limited to, the **"critical incident reports"**, **"statements of all witnesses"**, **statements of the Supervisor"**, (**"Coptain Collazo"**), **"statements of the defendant"** (**HARRISON"**), **plaintiff's medical records"** (**"concerning his left hand"**) and **log book report"**.

### OBJECTION AND RESPONSE TO REQUEST NO. 1:

Defendants object to Request No. 1 on the grounds that it is vague, ambiguous, overly broad, and seeks information that is not relevant to any party's claims or defenses insofar as it seeks "any and all documents and reports." Defendants object to this request on the grounds that it is not proportional to the needs of this case and the burden of responding in full outweighs any likely benefit to plaintiff.

Subject to and without waiving or in any way limiting these objections, and limiting this response to documents concerning the Incident alleged in the Amended Complaint, defendants refer plaintiff to the documents exchanged in discovery in this action to date including, but not limited to, defendants' disclosures pursuant to Rule 26(a) of the Federal Rules

of Civil Procedure, which were previously served on February 8, 2018, and in particular, to the following documents:

- Department of Correction ("DOC") Report of Infraction for August 24, 2013 Incident bearing Bates Nos. DEF140 – DEF160;
- DOC Investigation Report for August 24, 2013 Incident bearing Bates Nos. DEF161 – DEF184;
- Clinic Injury Report Logbook dated August 24, 2013 bearing Bates No. DEF185;
- Injury to Inmate Report for Plaintiff dated August 24, 2013 bearing Bates Nos. DEF186 – DEF187;
- DOC Incident Report for August 24, 2013 Incident bearing Bates Nos. DEF188 – DEF208;
- Plaintiff's Medical Records from Correctional Health Services from August 24, 2013 to October 24, 2013 bearing Bates Nos. DEF209 – DEF400;
- Plaintiff's Medical Records from Mid-Hudson Forensic Psychiatric Center bearing Bates Nos. DEF401 – DEF725.

**DOCUMENT REQUEST NO. 2:**

Any and all policies, directives, or instructions to **"staff"** concerning medical devices used by inmates in the **"North Infirmary Command" (NIC)**, such as canes, crutches and or any other device that can be used as a dangerous weapon against **"staff, civilians and inmates alike"**.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is not appropriately limited in time or scope, and not proportional to the needs of the case. Defendants further object to this request on the grounds that it seeks documents containing information not relevant to any party's claims or defenses as plaintiff's claims arise from a single incident of alleged misconduct and thus do not implicate DOC's customs, policies or practices. Defendants further object to this request on the grounds that it is not relevant as it seeks policies which post-

date the Incident alleged in the complaint or were not in effect at the time of the incident. Defendants also object on the grounds that it assumes facts not true or established, such as the existence of any of the enumerated types of documents. Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they are continuing to search for documents responsive to this request.

**DOCUMENT REQUEST NO. 3:**

Any and all policies, directives, rules of employees, or instructions governing assignment to **"post duty"**, **"post relieving"** and consequences when such duty is breached by the **"Corrections staff"** while at work in **"Uniform"** in **"DOCS"** and in the **"North Infirmary Command" (NIC),** strictly **"supervicing -inmates with Mental Health issues".**

**OBJECTION AND RESPONSE TO REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is compound, as it seeks numerous categories of documents in one single request; it is not appropriately limited in time or scope; and not proportional to the needs of the case. Defendants further object to this request on the grounds that it seeks documents containing information not relevant to any party's claims or defenses as plaintiff's claims arise from a single incident of alleged misconduct and thus do not implicate DOC's customs, policies or practices. Defendants further object to this request on the grounds that it is not relevant as it seeks policies which post-date the Incident alleged in the complaint or were not in effect at the time of the incident. Defendants also object on the grounds that it assumes facts not true or established, such as the existence of any of the enumerated types of documents. Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they are continuing to search for documents responsive to this request.

**DOCUMENT REQUEST NO. 4:**

Any and all policies, directives, regulations and rules of employees instructions to corrections staff governing protocols when **"Confronted and Witnessing an inmate on inmate assault"** and procedures of **"How and When to Call for Back-up"** if **"Needed".**

**OBJECTION AND RESPONSE TO REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is compound, as it seeks numerous categories of documents in one single request; it is not appropriately limited in time or scope. Defendants further object on the grounds that documents requested would be protected by the official information privilege, deliberative process privilege, and law enforcement privileges. Defendants further object to this request on the grounds that it seeks documents containing information not relevant to any party's claims or defenses as plaintiff's claims arise from a single incident of alleged misconduct and thus do not implicate DOC's customs, policies or practices. Defendants further object to this request on the grounds that it is not relevant as it seeks policies which post-date the Incident alleged in the complaint or were not in effect at the time of the incident. Defendants also object on the grounds that it assumes facts not true or established, such as the existence of any of the enumerated types of documents. Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they are continuing to search for documents responsive to this request.

**DOCUMENT REQUEST NO. 5:**

Any logs, list, or other documentation **"Reflecting Grievances"** filed by **"North Infirmary Command"** **(NIC)** inmates against defendant **(HARRISON)** from January 1, 2005 to the date of your response.

**OBJECTION AND RESPONSE TO REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague and ambiguous as to what is meant by "Reflecting Grievances"; and it is overbroad as it seeks "any logs, list, or other documentation . . filed by . . . inmates." Defendants further object to this request to the extent it seeks documents and information not relevant to any party's claims or defenses in this action. Subject to and without waiving or in any way limiting these objections, defendants respond that, on information and belief, pursuant to the Inmate Grievance and Request Program ("IGRP"), "[a]ny inmate who is directly and personally affected by an issue, condition, practice, or action relating to the inmate's confinement" may file a grievance—a grievance may not be filed against prison officials.

**DOCUMENT REQUEST NO. 6:**

Any and all documents **"Reflecting" hearings of any "Departmental Disciplinary Proceedings Charging and Penalizing defendant (HARRISON) of Official Misconduct"** and, or any other **"Provisions of DOCS"** or any **"Breach of the Rules of Employees"**.

**OBJECTION AND RESPONSE TO REQUEST NO. 6:**

Defendants object to Document Request No. 6 on the grounds that it is compound, in that it appears to be seeking two separate categories of documents in a single document request; it is vague and ambiguous insofar as it seems to be seeking the DOC officer defendants' employment related complaints, etc., is overbroad to the extent it seeks documents containing information regarding "any and all documents" against the individual defendant, and not sufficiently limited to time and scope. Defendants also object on the grounds that it seeks documents containing information that are not relevant to any party's claims or defenses in this action, insofar as it seeks documents containing information regarding allegations of misconduct

that were not substantiated, allegations that did not result in a finding of misconduct, are not similar in nature to the allegations herein or pertaining to truthfulness, and complaints made more than ten years prior to the filing of the complaint, and thus are too remote to be relevant, and seeks information regarding incidents subsequent to the events underlying this action, and not proportional to the needs of the case.  Defendants further object to this request to the extent it seeks information which is protected from disclosure by the attorney-client, deliberative-process, law enforcement, or other applicable privileges.   Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012); see also Hickey v. City of New York, No. 01 Civ. 6506 (GEL), 2004 U.S. Dist. LEXIS 23941, at *72 (S.D.N.Y. Nov. 29, 2004).  Subject to and without waiving or in any way limiting these objections, and limiting their response to documents relating to allegations of misconduct similar in nature to the allegations herein or pertaining to truthfulness within ten years prior to the filing of the complaint, upon the return of the signed Stipulation of Confidentiality and Protective Order, defendants will provide responsive information, if any.

**DOCUMENT REQUEST NO. 7:**

Any and all documents, directives, and regulations governing and reflecting defendant **("HARRISON'S) "Job Description and (DUTIES)"** when in **(UNIFORM)** and **"Working in the (North Infirmary Command) (NIC), while (Supervising) some (Mentally ill Inmates).**

**OBJECTION AND RESPONSE TO REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is compound, as it seeks numerous categories of documents in one single request; it is not

appropriately limited in time or scope.  Defendants further object to this request on the grounds that it seeks documents containing information not relevant to any party's claims or defenses as plaintiff's claims arise from a single incident of alleged misconduct and thus do not implicate DOC's customs, policies or practices.  Defendants further object to this request on the grounds that it is not relevant as it seeks policies which post-date the Incident alleged in the complaint or were not in effect at the time of the incident.  Defendants also object on the grounds that it assumes facts not true or established, such as the existence of any of the enumerated types of documents.   Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they are continuing to search for documents responsive to this request.

**DOCUMENT REQUEST NO. 8:**

Any and all documents governing the **"Need to House some Mentally ill Inmates"** in the **"North Infirmary Command" (NIC),** Moreover, in **(Dorm-4).**

**OBJECTION AND RESPONSE TO REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is compound, as it seeks numerous categories of documents in one single request; it is not appropriately limited in time or scope.  Defendants further object to this request on the grounds that it is not relevant as it seeks policies which post-date the Incident alleged in the complaint or were not in effect at the time of the incident.  Defendants also object on the grounds that it assumes facts not true or established, such as the existence of any of the enumerated types of documents.   Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they are continuing to search for documents responsive to this request.

**DOCUMENT REQUEST NO. 9:**

Any and all documents, directives, civil regulations and rules of employees governing the **"Need"** to have an **"Officer Posted inside a (HOUSING AREA)"** in this case a **(DORM)** in the **"North Infirmary Command" (NIC)** or any other housing area in **"Rikers Island"**.

**OBJECTION AND RESPONSE TO REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is compound, as it seeks numerous categories of documents in one single request; it is not appropriately limited in time or scope; and it is unduly burdensome and not proportional to the needs of the case. Defendants further object to this request on the grounds that it seeks documents containing information not relevant to any party's claims or defenses as plaintiff's claims arise from a single incident of alleged misconduct and thus do not implicate DOC's customs, policies or practices. Defendants further object to this request on the grounds that it is not relevant as it seeks policies which post-date the Incident alleged in the complaint or were not in effect at the time of the incident. Defendants also object on the grounds that it assumes facts not true or established, such as the existence of any of the enumerated types of documents. Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they are continuing to search for documents responsive to this request.

Dated:      New York, New York
               March 5, 2018

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendants City of New York and Harrison*
                                    100 Church Street, Room 3-154
                                    New York, New York 10007
                                    (212) 356-1643

                        By:                                  
                                    BRIDGETTE NUNEZ
                                    *Assistant Corporation Counsel*

TO:       Dave Alicea
           *Plaintiff Pro-se*
           Woodbourne Correctional Facility
           99 Prison Road
           P.O. Box 1000
           Woodbourne, New York 12788-1000

EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

DAVE ALICEA,

                              Plaintiff,

          -against-

CITY OF NEW YORK,CORRECTION OFFICER HARRISON,

                              Defendants.
_____x

DECLARATION IN
SUPPORT OF MOTION
TO COMPEL

16 Civ.7347 (LAP)

Plaintiff Dave Alicea, declares under penalty of perjury:

     1. I am plaintiff in this case proceeding Pro se. I make this
affidavit in support of my Motion to Compel Discovery.

     2. On January 25, 2018, plaintiff served on defendants' counsel
his first Request for Documents, which is attached to this affidavit
as EXHIBIT 1.

     3. Defendants' did not respond to this request within 30 days
allowed, nor did they request an extension of time from this Court
or agreement from the plaintiff to an extension of time.

     4. Defendants' sent plaintiff their first set of interrogatories
and request for production of documents on  Febuary 8, 2018, instead
of the request for documents that plaintiff requested. In that same
request, they also sent plaintiff a CONFIDENTIALITY STIPULATION and
PROTECTIVE ORTER, and other forms to sign, more medical releases,
Social Security, Insurance releases, Medicaid release, information
that is not in relevance with this civil suit, and does not have
anything to do with plaintiff deing attacked by another inmate, and
an officer that breached her duty and fail to protect plaintiff by
acting deliberate indeferance. Copies are attached to this affidavit
as EXHIBIT 2.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DAVE ALICEA,

                             Plaintiff,

                 -against-

CITY OF NEW YORK, ET AL.

                           Defendants.

------------------------------------------------------------------------x

**CONFIDENTIALITY
STIPULATION AND
PROTECTIVE ORDER**

16 Civ. 7347 (LAP)

       **WHEREAS**, plaintiff Dave Alicea ("Plaintiff") has sought certain documents and information from Defendants City of New York, and Correction Officer Harrison ("Defendants"); and

       **WHEREAS**, Defendants deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges; and

       **WHEREAS**, Defendants object to the production of these documents and information unless appropriate protection for their confidentiality is assured; and

       **WHEREAS**, good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and the attorney for Defendants, as follows:

       1.     As used herein, "Action" shall mean the lawsuit captioned above.

       2.     As used herein, without waiving any objections defendants might seek to interpose regarding production of these documents, "Confidential Materials" shall mean: (a)

New York City Department of Correction ("DOC") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the DOC conducted by the DOC or other agencies; (b) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (ii) are otherwise publicly available.

3.      Neither plaintiff nor plaintiff's attorney if obtained shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation of plaintiff's case in the Action.

4.      Plaintiff nor plaintiff's attorney, if obtained, shall not disclose the Confidential Materials to any person not a member of the staff of that plaintiff's attorney's office, except under the following conditions:

> a.      Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in the Action.
>
> b.      Disclosure may also be made to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at deposition, or to the Court.
>
> c.      Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), plaintiff or plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Action and not to make further disclosure of the Confidential Materials except in testimony taken in the Action. The signed consent shall be retained by

plaintiff's counsel and a copy of the same shall be furnished to Defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff's attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5.     Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark "Confidential Information Governed by a Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition concludes, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendants' counsel.

6.     If plaintiff or his counsel, if obtained, objects to the designation of any Confidential Materials as confidential, he or she shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, plaintiff or his counsel shall, within 30 days of the initial objection, request the Court to remove the designation.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7.     If plaintiff or counsel seeks to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof, he or she shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Materials and shall indicate whether Defendants object to that request.  No

materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

8.    Nothing in this Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

9.    Within 30 days after the termination of this Action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys, or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

10.    This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Southern District of New York dated _April 5_, _2018_ in the action entitled, <u>Dave Alicea v. City of New York, et al.,</u> No. 16 Civ. 7347 (LAP), and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_April 5, 2018_
      Date

_Dave Alicea_
      Signature

_Dave Alicea_
      Print Name

      Occupation

11.  This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall not be used by plaintiff or plaintiff's attorney for any purpose without prior Court approval.

Dated: *April 5 2018*
          New York, New York

Dave Alicea
*Plaintiff Pro se*
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788-1000

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City and Harrison*
100 Church Street
New York, New York 10007
(212) 356-1643

By: *Dave Alicea*
      Dave Alicea
      *Plaintiff Pro se*

By:_____
      Bridgette Nunez
      Assistant Corporation Counsel
      Special Federal Litigation Division

SO ORDERED:

_____
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

DAVE ALICEA, 14-A-3032 D-1-21
WOODBOURNE CORRECTIONAL FACILITY
99 PRISON ROAD/P.O.BOX 1000
WOODBOURNE, NEW YORK 12788-1000

WOODBOURNE



CORRECTIONAL FACILITY

NEOPOST
05/17/2018
US POSTAGE $002.68⁰



ZIP 12788
041M11284544

2018 MAY 21  AM 3:05

To" Pro-se Unit Intake Clerk

UNITED STAES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Room 200
New York, New York 10007



LEGAL MAIL