USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 5-29-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

DAVE ALICEA,

                            Plaintiff,

           -against-

CITY OF NEW YORK, ET AL.

                        Defendants.

------------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

16 Civ. 7347 (LAP)

        **WHEREAS,** plaintiff Dave Alicea ("Plaintiff") has sought certain documents and information from Defendants City of New York, and Correction Officer Harrison ("Defendants"); and

        **WHEREAS,** Defendants deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges; and

        **WHEREAS,** Defendants object to the production of these documents and information unless appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff and the attorney for Defendants, as follows:

        1.     As used herein, "Action" shall mean the lawsuit captioned above.

        2.     As used herein, without waiving any objections defendants might seek to interpose regarding production of these documents, "Confidential Materials" shall mean: (a)

New York City Department of Correction ("DOC") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the DOC conducted by the DOC or other agencies; (b) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (ii) are otherwise publicly available.

3.    Neither plaintiff nor plaintiff's attorney if obtained shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation of plaintiff's case in the Action.

4.    Plaintiff nor plaintiff's attorney, if obtained, shall not disclose the Confidential Materials to any person not a member of the staff of that plaintiff's attorney's office, except under the following conditions:

   a.    Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in the Action.

   b.    Disclosure may also be made to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at deposition, or to the Court.

   c.    Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), plaintiff or plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Action and not to make further disclosure of the Confidential Materials except in testimony taken in the Action. The signed consent shall be retained by

plaintiff's counsel and a copy of the same shall be furnished to Defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff's attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5.      Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark "Confidential Information Governed by a Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition concludes, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendants' counsel.

6.      If plaintiff or his counsel, if obtained, objects to the designation of any Confidential Materials as confidential, he or she shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, plaintiff or his counsel shall, within 30 days of the initial objection, request the Court to remove the designation.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7.      If plaintiff or counsel seeks to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof, he or she shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Materials and shall indicate whether Defendants object to that request.   No

materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

8.    Nothing in this Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

9.    Within 30 days after the termination of this Action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys, or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

10.    This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11.  This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall not be used by plaintiff or plaintiff's attorney for any purpose without prior Court approval.

Dated: _April 5 2016_
New York, New York

Dave Alicea
*Plaintiff Pro se*
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788-1000

By: _Dave Alicea_
Dave Alicea
*Plaintiff Pro se*

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City and Harrison*
100 Church Street
New York, New York 10007
(212) 356-1643

By: _Bridgette Nunez_
Bridgette Nunez
Assistant Corporation Counsel
Special Federal Litigation Division

May 24, 2018

SO ORDERED:

_Loretta A. Preska_
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE